IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LESHAWN WASHINGTON, :
:
Petitioner, :
:
v. : Civil Action No. 15-1088-RGA
:
DAVID PIERCE, Warden, and :
ATTORNEY GENERAL OF THE :
STATE OF DELAWARE, :
:
Respondents. :

## MEMORANDUM OPINION

LeShawn Washington. *Pro se* Petitioner.

Karen V. Sullivan, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

January 6, 2017
Wilmington, Delaware

ANDREWS, UNITED STATES DISTRICT JUDGE:

Petitioner LeShawn Washington ("Petitioner") is an inmate in custody at the James T. Vaughn Correctional Center in Smyrna, Delaware. Petitioner filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition"). (D.I. 1) The State filed a Motion for Leave to File a Motion to Dismiss (D.I. 10) contemporaneously with a Motion to Dismiss the Petition as Time-Barred (D.I. 10-2). For the reasons discussed, the Court will grant the State's Motion for Leave to File a Motion to Dismiss and its Motion to Dismiss, and will deny the Petition as barred by the limitations period prescribed in 28 U.S.C. § 2244.

## I. BACKGROUND

As set forth by the Delaware Supreme Court in Petitioner's direct appeal:

On December 11, 2010, Wilmington Police Officer Mary Quinn responded to a call of shots fired near 8th and Washington Street, Wilmington, Delaware. She found William Reeder on the ground with a gunshot wound in his back. Reeder told Quinn that three or four black males approached him, and that he knew one of them by the nickname "Littles." While Littles was struggling to get Reeder's money, Reeder saw that Littles had a silver handgun. Reeder tried to run away, but he was shot in the back. Reeder later identified [Petitioner] as the person he knew as Littles.

One month later, Wilmington Police Officer Steven Bender responded to a call of as suspicious vehicle near 10th and Lombard Street, Wilmington, Delaware. At that location, Bender saw three black males in a blue Chevrolet. As Bender approached the car, the men fled. Bender chased and apprehended Usef Allen, who had a silver, 25 caliber gun in his possession. After Bender placed Allen in the back of the patrol car, he returned to the Chevrolet and saw a black, 9 mm handgun on the ground next to the car. Another responding police officer found [Petitioner] hiding a short distance from the car, and arrested him.

The police tested the 25 caliber handgun, and determined that the two casings that had been retrieved from the December shooting were ejected from the gun found in Allen's possession. Experts also tested the 9 mm handgun, and found [Petitioner's] DNA on the weapon.

*Washington v. State*, 49 A.3d 1194 (Table), 2012 WL 3039725, at *1 (Del. July 25, 2012).

Petitioner was indicted on two sets of charges in two separate indictments, which were consolidated for trial. *Washington*, 2012 WL 3039725, at *1. The jury found Petitioner guilty of first degree robbery, second degree conspiracy, and resisting arrest, but found him not guilty of carrying a concealed deadly weapon. *Id.* The jury was unable to reach a verdict on the remaining charges of first degree assault and possession of a firearm during commission of a felony ("PFDCDF"). *Id.* On December 2, 2011, the Superior Court sentenced Petitioner to twenty-five years at Level V for first degree robbery, suspended after fifteen years for decreasing levels of supervision; two years at Level V for second degree conspiracy, suspended after one year; and one year at Level V for resisting arrest, suspended for probation. (D.I. 13-5 at 14-16) Petitioner appealed, and the Delaware Supreme Court affirmed his convictions and sentences on July 25, 2012. *See Washington*, 2012 WL 3039725, at *2.

On July 16, 2013, while represented by counsel, Petitioner filed a motion for postconviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 Motion"). (D.I. 13-10 at Entry No. 56) The Superior Court denied the Rule 61 Motion on March 21, 2014 (D.I. 13-1 at 24-33), and the Delaware Supreme Court affirmed that decision on November 13, 2014. *See Washington v. State*, 105 A.3d 990 (Table), 2014 WL 7009718 (Del. Nov. 13, 2014).

Petitioner filed the instant Petition in November 2015. (D.I. 1) The Petition asserts the following four grounds for relief: (1) the trial court abused its discretion by permitting the State to admit evidence of prior bad acts; (2) the trial court abused its discretion by reading a coercively worded *Allen* charge to the jury; (3) the trial court abused its discretion by failing to engage in the required analysis to a *Batson* challenge; and (4) the State engaged in prosecutorial misconduct by using a slide containing Petitioner's picture declaring him guilty. In response, the

2

State filed a Motion for Leave to File a Motion to Dismiss the Petition (D.I. 10), along with the actual Motion to Dismiss the Petition as Time-Barred (D.I. 10-1). Petitioner filed an Answer to the State's Motion for Leave to File a Motion to Dismiss (D.I. 18), and the State filed a Reply to Petitioner's Answer (D.I. 19). Having considered the State's Motion for Leave to File a Motion to Dismiss (D.I. 10) in conjunction with the record and the parties' subsequent filings, the Court will grant the Motion for Leave to File a Motion to Dismiss (D.I. 10), and will review the State's Motion to Dismiss (D.I. 10-1) as set forth below.

## II. ONE YEAR STATUTE OF LIMITATIONS

AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling. *See Holland v. Florida*, 560 U.S. 631 (2010)(equitable tolling); 28 U.S.C. § 2244(d)(2)(statutory tolling).

Petitioner does not assert, and the Court cannot discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Consequently, the Court concludes that the one-year period of limitations began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final, and the statute of limitations begins to run, upon expiration of the ninety-day time period allowed for seeking certiorari review. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). In this case, the Delaware Supreme Court affirmed Petitioner's convictions and sentences on July 25, 2012, and he did not file a petition for a writ of certiorari in the United States Supreme Court. As a result, Petitioner's convictions became final on October 24, 2012. Applying the one-year limitations period to that date, Petitioner had until October 24, 2013 to timely file a habeas petition. *See Wilson v. Beard*, 426 F.3d 653, 662-64 (3d Cir. 2005)(Fed. R. Civ. P. 6(a) applies to AEDPA's limitations period); *Phlipot v. Johnson*, 2015 WL 1906127, at *3 n. 3 (D. Del. Apr. 27, 2015)(AEDPA's one-year limitations period is calculated according to the anniversary method, *i.e.*, the limitations period expires on the anniversary of the date it began to run). Petitioner, however, did not file the instant Petition until November 12, 2015,[1] more than two years after that deadline. Thus, the Petition is time-barred and should be dismissed, unless the limitations period can be statutorily or equitably tolled. *See Jones*, 195 F.3d at 158. The Court will discuss each doctrine in turn.

---

[1] Pursuant to the prisoner mailbox rule, the Court adopts as the filing date November 12, 2015, which is the date on the Petition. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003)(the date on which a prisoner transmitted documents to prison authorities for mailing is to be considered the actual filing date).

### A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the motion is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000). The limitations period is also tolled for the time during which an appeal from a post-conviction decision could be filed even if the appeal is not eventually filed. *Id.* at 424. However, the limitations period is not tolled during the ninety days a petitioner has to file a petition for a writ of certiorari in the United States Supreme Court regarding a judgment denying a state post-conviction motion. *See Stokes v. Dist. Attorney of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001).

Here, when Petitioner filed his Rule 61 motion on July 16, 2013, 264 days of AEDPA's limitations period had already expired. The Rule 61 motion tolled the limitations period through November 13, 2014, the day on which the Delaware Supreme Court affirmed the Superior Court's denial of the motion. The limitations clock started to run on November 14, 2014, and ran the remaining 101 days without interruption until the limitations period expired on February 23, 2015. Thus, even after the applicable statutory tolling, the Petition is time-barred, unless equitable tolling applies.

### B. Equitable Tolling

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560

U.S. at 649-50. With respect to the diligence inquiry, equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.* at 651-52. As for the extraordinary circumstance requirement, "the relevant inquiry is not whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." *Pabon v. Mahanoy*, 654 F.3d 385, 401 (3d Cir. 2011). Notably, an extraordinary circumstance will only warrant equitable tolling if there is "a causal connection, or nexus, between the extraordinary circumstance [] and the petitioner's failure to file a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d. Cir. 2013).

Petitioner does not assert, and the Court does not discern, that any extraordinary circumstances prevented him from filing his Petition in a timely manner. Petitioner's late filing appears to be due to his mistaken belief that AEDPA's one year limitations period did not begin to run until November 13, 2014, the day on which the Delaware Supreme Court affirmed the denial of his Rule 61 motion when, in fact, 264 days of the limitations period had already expired by the time he filed his Rule 61 motion. This type of mistake or miscalculation of the one-year filing period does not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004). Accordingly, the Court will grant the State's motion to dismiss the instant Petition as time-barred.

### III. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability

6

unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court concludes that the instant Petition is time-barred, and reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court will not issue a certificate of appealability.

## IV. CONCLUSION

For the reasons discussed, the Court will grant the State's Motion for Leave to Dismiss the Petition (D.I. 10) and its Motion to Dismiss the Petition as time-barred (D.I. 10-1) without holding an evidentiary hearing. An appropriate Order will be entered.